## CLARK v. PEOPLE.

*Criminal evidence — burglary — parties connected in the commission of offense.*

Evidence that burglars' tools, found at the place where the burglary was committed, were made for another jointly indicted with prisoner for the burglary and shown to be connected with the prisoner in its commission, *held* admissible to prove the guilt of the prisoner.

ERROR to the Erie sessions to review the conviction of the plaintiff in error, William Clark.

The plaintiff in error was jointly indicted with one Taylor for a burglary committed in April, 1873. The prisoners demanded separate trials. Taylor was first tried and convicted. On the trial of plaintiff in error witnesses were called on behalf of the people to identify certain tools found in the place where the burglary was committed and to testify to the fact that Taylor ordered the tools at their establishment. Such other facts as are material appear in the opinion.

*Cook & Fitzgerald,* for plaintiff in error.

*Benj. H. Williams,* district attorney, for the people.

GILBERT, J. The evidence that the burglarious implements found at the place of the burglary were made at Rochester for Taylor was not only relevant but very pertinent evidence to prove the guilt of the prisoner, if the prosecution gave other evidence sufficient to connect the prisoner with Taylor in the commission of the crime. Evidence to prove such connection between the prisoner and Taylor was given by the prosecution, and it was submitted to the jury. No exception was taken to the charge of the court.

We cannot consider the question whether the evidence was sufficient to implicate the prisoner, for it does not appear that all the testimony given on the trial is before us. The conviction must be affirmed.

*Conviction affirmed.*